IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER W. BUNCH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0113 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

On March 22, 2005[1], petitioner CHRISTOPHER W. BUNCH, a state prisoner confined in the Allred Unit, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner challenges his April 5, 2001 conviction for the felony offense of possession of a controlled substance out of the 181st Judicial District Court of Randall County, Texas and the resultant 35-year sentence. *See State v. Bunch*, No. 13,131-B.

On August 12, 2005, respondent filed an answer to petitioner's habeas application, asserting therein that petitioner's application is time barred. Petitioner was ordered to show cause why his case should not be dismissed as time barred, and he filed such response on August 25, 2005. Respondent was then ordered to file a response to a briefing order and address

---

[1]Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

petitioner's response.  Respondent filed such response on October 3, 2005.  For the reasons set

forth in respondent's response and for the reasons set forth herein, it is the opinion of the

undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be

DISMISSED as time barred.

I.
PROCEDURAL HISTORY

Petitioner was found guilty of the felony offense of possession of a controlled substance

and on April 5, 2001, he was sentenced to confinement in the Texas Department of Criminal

Justice, Institutional Division, for a period of thirty-five (35) years.  Petitioner directly appealed

his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on

June 3, 2002, affirmed said conviction and sentence in an unpublished opinion.  *Bunch v. State*,

No. 07-01-0171-CR (Tex.App. - - Amarillo, 2002, pet. ref'd.).  Petitioner did not timely file a

petition for discretionary review, however, on April 2, 2003, petitioner filed his first application

for a state writ of habeas corpus seeking, in part, to file an out-of-time  petition for discretionary

review.  *Ex parte Bunch*, App. No. 56,005-01 at 1.  On June 18, 2003, the Texas Court of

Criminal Appeals granted petitioner's request to file an out-of-time  petition for discretionary

review and dismissed his other claims.  *Ex parte Bunch*, No. 74,696 (Tex. Crim. App. June 18,

2003)(unpublished).  Petitioner then filed his out-of-time petition for discretionary review but it

was refused on February 11, 2004.  *Bunch v. State*, PDR No. 1254-03.  On June 14, 2004,

petitioner filed a second state writ application and it was denied without written order on August

25, 2004.  *Ex parte Bunch*, App. No. 56,005-02 at cover.

On March 22, 2005, petitioner executed the instant federal habeas application.[2]


## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the

United States for the following reasons:

1.      He was subject to an unconstitutional search and seizure;

2.      He was denied effective assistance of counsel because his attorney only objected
        once; and

3.      He was denied due process because the State introduced evidence of his prior
        convictions during the guilt/innocence phase of trial.


## III.
## AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996

[hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of

habeas corpus.  The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year

limitation period for filing a habeas petition in federal court.  That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of --
>
> (A)      the date on which the judgment became final by the conclusion of direct review or
>          the expiration of the time for seeking such review;
>
> (B)      the date on which the impediment to filing an application created by State action
>          in violation of the Constitution or laws of the United States is removed, if the
>          applicant was prevented from filing by such State action;

---

[2]Respondent has alleged petitioner's third claim is procedurally barred from review as unexhausted.  The Court will
not reach this issue since it has determined petitioner's application to be time barred.

(C)    the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims

presented in the petition for writ of habeas corpus, for some reason, could not have been

presented earlier because of some impediment to filing created by state action, (2) if the

constitutional right asserted was initially recognized by the Supreme Court is on a date

subsequent to the date the conviction became final, or (3) if the date on which the petitioner

discovers the factual predicate of the claim or claims presented, or by the exercise of due

diligence should have discovered them, is subsequent to the date the conviction became final.  In

instances such as these, the limitation period would begin on the applicable post-conviction date.

The new time limitations imposed by section 2244 apply to the instant habeas application

because it was filed after the effective date of the statute, April 24, 1996.  *See Lindh v. Murphy*,

521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As discussed *supra*, petitioner was sentenced on April 5, 2001, he directly appealed, and

his conviction and sentence were affirmed on June 3, 2002.  Therefore, petitioner had until July

3, 2002 to file any petition for discretionary review.  When he failed to file a petition for

discretionary review, his conviction became final on July 3, 2002 and he would have had one

year, or until July 3, 2003 to file the instant federal habeas application, absent any tolling

pursuant to the provisions of 28 U.S.C § 2244(d)(2).  Petitioner's first state habeas application was filed April 2, 2003.  The Texas Court of Criminal Appeals refused his out-of-time petition for discretionary review on February 11, 2004.[3]  Therefore his first state habeas writ and the out-of-time petition for discretionary review constituted collateral review which tolled the limitations period for 315 days.  This extended the deadline for petitioner's federal writ application until May 13, 2004.[4]  While petitioner filed a second state writ application, it was not filed until June 14, 2004, past the deadline for the federal writ application.  Such filing had no tolling effect.

Consequently, petitioner's federal habeas application, which was not filed until March 22, 2005, is time barred.  Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHRISTOPHER W. BUNCH be DISMISSED as time barred.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

---

[3]As set forth above, petitioner's first state habeas petition resulted in his being allowed to file an out-of-time petition for discretionary review.

[4]As argued by respondent, pursuant to *Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004), the effect of the revival of petitioner's right to file a petition for discretionary review was part of the collateral review process thus it had no effect on the start of the statute of limitations period under 28 U.S.C. § 2244(d)(1)(A) and could only toll the limitations period under 28 U.S.C. § 2244(d)(2) until the Court of Criminal Appeals declined to grant further review.

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>4th</u> day of November 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).